UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIBERTY MOVING & STORAGE CO., INC., | Civil Action |
| Plaintiff, | **COMPLAINT** |
| -against- | |
| LIBERTY MOVES, INC., | |
| Defendant. | |

Plaintiff, LIBERTY MOVING & STORAGE CO., INC. ("LIBERTY MOVING"), by its attorneys, George W. Wright & Associates, LLC, as and for a Complaint against defendant, LIBERTY MOVES, INC. ("LIBERTY MOVES"), alleges upon information and belief as follows:

## THE PARTIES

1.  Plaintiff, LIBERTY MOVING, is a New York corporation conducting business as an interstate motor carrier and warehouseman of household goods with its principal offices and places of business in Deerfield Beach, Florida and Commack, New York.

2.  Upon information and belief, defendant, LIBERTY MOVES, is a corporation or other entity conducting business as an interstate motor carrier and warehouseman of household goods with (A) a principal place of business at 2305 White Oak Drive, Valdosta, Georgia 31602, (B) a Florida place of business at 5634 Nepsa Way #2201 Delray Beach, Florida, 33484, (C) a New York place of business at 177 Furnace Dock Road, Cortlandt, New York 10567 and (D) a New York agent for service of process c/o R&L Process Service, Inc., 165 Pancake Hollow Road, Highland, New York 12528.

## NATURE OF THE ACTION

3. This is an action for (A) wrongful use in commerce of false designations of origin, false descriptions and false representations under Section 43(a) of the United States Trademark Act, 15 U.S.C. § 1125(a); (B) improper acquisition and use of a domain name under the Anticybersquatting Consumer Protection Act of 1999, 15 U.S.C. § 1125(d); (C) trade name and service name infringement and/or dilution under the Trademark Act of 1946, as amended (the Lanham Act, 15 U.S.C. § 1051, et seq.); (D) dilution of plaintiff's mark under Section 43 (c) of the United States Trademark Act, 15 U.S.C. § 1125(c); (E) violation of the New York Unfair Trade Practices Act, Gen. Bus. Law Secs. 349-350-f and Anti-Dilution Law, Gen. Bus. Law Sec. 360-l; (F) service mark and trade name infringement at common law; and (G) unfair competition at common law.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Federal Trademark Act), and 28 U.S.C. § 1338(a) (acts of Congress relating to trademarks). Jurisdiction for the causes of action arising under the laws of the State of New York is based on the doctrine of supplemental jurisdiction.

## VENUE

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS COMMON TO ALL COUNTS

6. LIBERTY MOVING has for many years registered the Internet domain name "libertymoving.com," used the "Liberty" service mark, and owns the United States "Liberty" service mark registration in relation to plaintiff's nationwide transportation services. LIBERTY MOVING has supported the "Liberty" mark through advertising and has built up

2

considerable goodwill among consumers.

7. LIBERTY MOVING owns the following United States trademark and trademark registration:

| Mark | Registration Date | Goods or Services |
|---|---|---|
| Liberty Moving and Storage | October 3, 1995 | Furniture Moving and Storage; Warehouse Storage |

LIBERTY MOVING owns the right throughout the United States to use the service mark "Liberty" in connection with household goods moving and storage services.

8. LIBERTY MOVING is engaged in interstate moving, shipping and storage of household goods in the United States and is licensed by the United States Department of Transportation (USDOT) for that purpose under USDOT No. 325439 and Docket No. MC-198104.

### DEFENDANT'S USE OF LIBERTY MOVING'S SERVICE MARK

9. In or about 2017, defendant LIBERTY MOVES obtained USDOT authority to operate as an interstate motor carrier of household goods under USDOT No. 3002054 and Docket No. MC-024607.

10. In or about 2017, defendant LIBERTY MOVES registered the Internet domain name libertymoves.com.

11. In connection with defendant's current websites, including http://www.libertymoves.com/gallery and http://www.libertymoves.com/entourage, defendant uses LIBERTY MOVING's service mark "Liberty" in various ways to attract users to defendant's sites.

(A) LIBERTY MOVING's service mark "Liberty" is used by LIBERTY MOVES on defendant's sites.

3

(B) The word "Liberty" is used by defendant LIBERTY MOVES for the purpose of attracting Internet users to defendant's sites who are interested in LIBERTY MOVING.

(C) The word "Liberty" is used repeatedly on defendant LIBERTY MOVES' sites.

## LIBERTY MOVING'S NOTICES TO DEFENDANT

12. By letters, dated November 7 and 15, 2017, LIBERTY MOVING advised defendant LIBERTY MOVES of its unlawful infringement of plaintiff's registered "Liberty" service mark and demanded that defendant cease and desist from using plaintiff's mark.

13. Defendant LIBERTY MOVES has refused to respond to LIBERTY MOVING's written communications demanding that defendant cease and desist from using plaintiff's registered service mark.

## DAMAGE AND CONFUSION

14. Defendant's use of LIBERTY MOVING's "Liberty" service mark in defendant's domain name, websites, and as tools to attract traffic to defendant's websites has damaged LIBERTY MOVING and created consumer confusion as to LIBERTY MOVING and its involvement with defendant's website and defendant's competing interstate household goods moving and storage business.

15. Internet users who search for LIBERTY MOVING on the Internet are led to defendant's websites, even though defendant is not a LIBERTY MOVING sponsored or affiliated entity or site.

## COUNT I

16. Plaintiff repeats and realleges the allegations of paragraphs "1" through

4

"15" above, as though fully set forth at length herein.

17. The acts and conduct of LIBERTY MOVES complained of herein violate Section 43(a) of the United States Trademark Act, 15 U.S.C. § 1125(a).

## COUNT II

18. Plaintiff repeats and realleges paragraphs "1" through "17" of the Complaint as though fully set forth at length herein.

19. The acts and conduct of LIBERTY MOVES complained of herein constitute willful infringement of UVL's registered mark under Section 32(1) of the United States Trademark Act, 15 U.S.C. § 1114(1).

## COUNT III

20. Plaintiff repeats and realleges paragraphs "1" through "19" of the Complaint as though fully set forth at length herein.

21. The acts and conduct of LIBERTY MOVES complained of herein violate 15 U.S.C. Secs. 1125(a), 1125(c) and 1125(d).

## COUNT IV

22. Plaintiff repeats and realleges paragraphs "1" through "21" of the Complaint as though fully set forth at length herein.

23. The acts and conduct of LIBERTY MOVES complained of herein violate New York Gen. Bus. Law Secs. 349 to 350-f and 360-l.

## COUNT IV

24. Plaintiff repeats and realleges paragraphs "1" through "23" of the Complaint as though fully set forth at length herein.

25. The acts and conduct of LIBERTY MOVES complained of herein

constitute willful service mark and trade name infringement at common law.

## COUNT V

26. Plaintiff repeats and realleges paragraphs "1" through "25" of the Complaint as though fully set forth at length herein.

27. The acts and conduct of LIBERTY MOVES complained of herein constitute willful unfair competition by defendant LIBERTY MOVES with plaintiff at common law.

WHEREFORE, plaintiff, LIBERTY MOVING & STORAGE CO., INC., demands:

(A) That defendant LIBERTY MOVES, its principals, officers, agents, servants, employees and attorneys, and all persons in active concert or participation with defendant LIBERTY MOVES, be enjoined and restrained, temporarily, preliminarily and permanently, from using in connection with the advertising, promoting, offering for sale or sale of interstate transportation services, or any related services, the mark and name "Liberty," alone or in combination with any other word, name, slogan, phrase, symbol, device or in any manner;

(B) That defendant LIBERTY MOVES, its principals, officers, agents, servants, employees and attorneys, and all persons in active concert or participation with defendant LIBERTY MOVES, be enjoined and restrained, temporarily, preliminarily and permanently, from using any false designation of origin, false description or false representation, or from engaging in any act or series of acts which either alone or in combination, constitutes deceptive or unfair methods of competition by defendant LIBERTY MOVES with plaintiff LIBERTY MOVING, or from otherwise interfering with or injuring plaintiff's business reputation;

(C) That plaintiff LIBERTY MOVING be awarded all compensatory damages against defendant LIBERTY MOVES;

(D) That plaintiff LIBERTY MOVING be awarded all reasonable attorneys' fees, costs and disbursements of this action against defendant LIBERTY MOVES; and

(E) That plaintiff LIBERTY MOVING be granted such other and further relief as the Court deems just and equitable.

Dated: New York, New York
January 23, 2018

GEORGE W. WRIGHT & ASSOCIATES, LLC
Attorneys for Plaintiff

By: _____
GEORGE W. WRIGHT
Attorneys for Plaintiff
88 Pine Street, 7th Floor
New York, NY 10005
(201) 342-8884